IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ann Coffey,<br><br>       Plaintiff,<br><br>  v.<br><br>City of Freeport, Illinois, and MAS Roofing,<br><br>       Defendants. | Case No. 3:21-cv-50336<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

In May 2021, Plaintiff Ann Coffey filed this claim under 42 U.S.C. § 1983 against the City of Freeport, Illinois, and MAS Roofing for purported violations of her Fourth Amendment rights. She alleges that Defendant MAS Roofing provided police officers with the City of Freeport with false and malicious information, and that the police then searched her home in late May 2018 without a warrant to do so. Before the Court is the City of Freeport's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, that motion [48] is granted.

The City of Freeport argues that Coffey's claim is untimely because she filed this suit in May 2021, three years after she alleges the conduct occurred. Dkt. 48, ¶ 13. Neither the Constitution nor 42 U.S.C. § 1983 include an express statute of limitations. So, federal courts look to the state in which the federal claim arose to determine the appropriate limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For a Fourth Amendment claim in Illinois, the Court applies Illinois' two-

1

year personal injury limitations period. *Id.* at 397; *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019).

A statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Although an affirmative defense typically requires development of the factual record, it can be raised on a motion to dismiss if the complaint's allegations make clear that the claim is untimely. *Jones v. Bock*, 549 U.S. 199, 215 (2007). On a motion to dismiss, the Court must accept the plaintiff's allegations as true, so if accepting the plaintiff's allegations as true forecloses her claim, then she has pleaded herself out of court. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888–89 (7th Cir. 2015).

Coffey's primary contention in response to the motion to dismiss is that she has met the two-year statute of limitations requirement—notwithstanding her allegation that the search occurred in May 2018—because she has also alleged the City of Freeport was involved in a "kidnapping" event in Michigan in 2020. Coffey indeed alleges that the City of Freeport was involved in kidnapping her children on January 3, 2020. Dkt. 39, ¶ 39. She repeats this conclusory allegation repeatedly, but she never includes any factual allegations to explain why she thinks such a conspiracy existed. The most the Court can tell from her allegations is that Michigan state officials took her children away from her after a conversation with officials from the City of Freeport, Illinois. Dkt. 39, at 124.

Coffey previously amended her complaint to add a litany of new defendants to this suit, including individuals in Michigan that she blames for her losing her

children for a year. Dkt. 42. Her complaints against those defendants were not sufficiently related to her original claim brought in this Court, a Fourth Amendment claim against the City of Freeport and MAS Roofing. Though she believes the events are related, she has offered no allegations that they are. And a simple allegation that someone with the City of Freeport communicated generally to someone in Michigan is not sufficient to plead a claim. That such a conversation was conspiratorial is pure speculation. To be sure, the Court is not requiring Coffey to prove that connection; she need only allege facts that create a plausible inference that it exists. But she has failed to do so. Her lengthy complaint merely speculates that the City of Freeport was somehow involved in Michigan's decision to take her children away for a year. Though she repeats that speculation time and time again, repeated speculation is no substitute for well-pleaded factual allegations. Repeated speculation is still just speculation.

Coffey has failed to include any allegations connecting the City of Freeport's alleged Fourth Amendment violation to the loss of her children. She cannot now invoke this speculation as way of extending the two-year limitations period for her claims against the City of Freeport. Instead, Coffey's Fourth Amendment claim accrued at the time of the alleged warrantless search. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *Flynn v. Donnelly*, 793 F. App'x 431, 434 (2019); *Bullock v. LaSalle County*, No. 20-cv-0457, 2021 U.S. Dist. LEXIS 52727, at *9 (N.D. Ill. Mar. 22, 2021). Because Coffey alleges that the warrantless search occurred in late May 2018, her claim accrued at that time and the limitations period

expired sometime in late May 2020. Because this suit was filed a year late, it is barred by the statute of limitations.

Coffey also responds that the Court should equitably toll the statute of limitations and excuse her failure to timely file suit. She asserts that the emotional distress from losing her children and the occurrence of the coronavirus pandemic were the cause of any delay. Dkt. 57, at 3. Federal courts may equitably toll the statute of limitations when the plaintiff can show that an extraordinary circumstance prevented her from meeting the established deadline, notwithstanding her diligent pursuit of her rights. *United States v. Kwai Fun Wong*, 575 U.S. 402, 407–08 (2015). The initial problem with this argument is that Coffey's claim accrued in May 2018, almost two years before the coronavirus pandemic took hold in the United States. Indeed, her claim accrued at least nineteen months *before* she allegedly lost her children. Dkt. 39, ¶ 16 (emphasis added). And she has not included any argument to explain how she diligently pursued her rights during this period. Thus, she had plenty of time between her claim's accrual and January 2020 to file her claim.

Furthermore, the coronavirus pandemic is no reason to toll the statute of limitations in this case. Coffey has not explained how the pandemic caused her to file this claim more than a year late. And the mere existence of the coronavirus pandemic does not warrant equitable tolling. *Compare Sostand v. West*, No. 21-cv-1732, 2021 U.S. Dist. LEXIS 93294, at *5 (N.D. Ill. May 17, 2021) (denied even though attorney contracted coronavirus near the end of the limitations period) and

*Bradberry v. Warden*, No. 1:20-cv-01760, 2021 U.S. Dist. LEXIS 10909, at *6 (S.D. Ind. Jan. 19, 2021) (rejecting an equitable tolling argument because "at no time during the pandemic have litigants been unable to file pleadings in the Court), *with United States v. Washington*, No. 20-cv-50300, 2021 U.S. Dist. LEXIS 103403, at *8–9 (N.D. Ill. June 2, 2021) (equitable tolling granted based on increased restrictions in the prison system that were caused by the coronavirus pandemic). Thus, the Court declines to equitably toll the statute of limitations.

For the same reasons previously stated, the Court must also dismiss Coffey's claim against MAS Roofing. Coffey's claim against MAS Roofing is based on the same incident. Dkt. 44, at 4 ("The only federal claim the Court could allow to pass screening was her Fourth Amendment claim against the City of Freeport, and the same against MAS Roofing to the extent that she can show conspiracy against it in violation of 42 U.S.C. § 1985(3) for its involvement in the purported Fourth Amendment violation."). Because Coffey is litigating *in forma pauperis*, however, the Court is required to continue to screen her complaint for, among other things, failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In this case, MAS Roofing has only recently been served. Dkt. 71. Nevertheless, because Coffey's complaint against it is based on its alleged conspiratorial involvement in the purported violation of her Fourth Amendment rights by the City of Freeport. And because the Court has now dismissed that claim, Coffey's claim against MAS Roofing must equally fail. *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699–700 (7th Cir. 2005) (explaining

5

that the two-year statute of limitations applies to both section 1983 and 1985); *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001) (same).

Thus, the Court also dismisses Coffey's Fourth Amendment claim against MAS Roofing. Furthermore, to the extent that Coffey has state law claims against any of these Defendants, the Court declines to exercise jurisdiction over those claims because no federal issue remains. *Hutchinson v. Am. Ass'n for Lab. Accreditation*, No. 21-2289, 2022 U.S. App. LEXIS 6975, at *5 (7th Cir. Mar. 17, 2022) (citing *Al's Serv. Ctr. v. BP Prods. N. Am. Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). If any state law claims exist, they may be refiled in the appropriate state court. Civil case terminated.

Date: May 4, 2022

_____
Honorable Iain D. Johnston
United States District Judge